STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HERMAN RITZAU, PLAINTIFF IN ERROR.

Submitted January term, 1936—Decided April 30, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the defendant in error, *T. Raymond Bazley,* prosecutor (*Edward F. Juska,* assistant prosecutor, on the brief).

For the plaintiff in error, *Edward W. Wise* (*Frederic M. P. Pearse,* of counsel, and *George Such Pearse,* on the brief).

BROGAN, CHIEF JUSTICE. The plaintiff in error, Ritzau, and eight other defendants, were convicted upon five indictments, two of which charged that they "did manufacture and possess certain alcoholic beverages without first having obtained a license for that purpose from the department of alcoholic beverage control of the State of New Jersey, contrary to the statute," and three of which charged that "they did have in their possession or custody, or under their control, a still or distilling apparatus set up, without having registered same with the commissioner of alcoholic beverage

control of the state, contrary to the form of the statute."
Ritzau alone appeals.

The case comes to us for review on a strict writ of error
and bill of exceptions, and the judgment is also challenged
under section 136 of the Criminal Procedure act.

The argument in the briefs submitted for the plaintiff in
error is directed to the general proposition that the conviction
should be reversed because the state failed to make out a case
against the plaintiff in error on either class of indictment.
It is therefore argued that the verdict was against the weight
of the evidence; that the trial court erred in denying motion
to dismiss the indictments charging the plaintiff in error
with manufacturing and possessing intoxicating liquor; that
there was no evidence that the plaintiff in error had posses-
sion, custody or control of any still or distilling apparatus
set up, and the like. The remaining assignments of error
as well as the specification of causes for reversal are not
argued and therefore are abandoned.

It appeared that Ritzau owned two apple farms in Shrews-
bury township, one on each side of a public road known as
Riverdale avenue, comprising over three hundred acres, one
known as the Riverdale farm and the other as the Cloverhill
farm. Upon each were erected dwelling houses and other
outbuildings and barns. The barn on the Riverdale farm
housed over a four thousand gallon still with eight vats of
fermenting mash and over nine hundred gallons of alcohol
in tins. Electric power was brought to this apparatus from
a service line which supplied the dwelling house, which ser-
vice line was installed on the application of Ritzau in Decem-
ber, 1930. In the cellar of the house a quantity of apple
whiskey was found. The investigation, which resulted in
these indictments, was made on May 17th, 1934.

From the barn on the Riverdale farm, where a still was
found, a tunnel was constructed to the edge of the river, a
distance of about two hundred feet, for a water supply obvi-
ously, and in a smaller barn on this farm was a dismantled
apple whiskey still.

On the Cloverhill farm, another still, similar to the first,
was found, along with five ten thousand gallon tanks, three

fifty horsepower steam boilers, and another large quantity of alcohol in tins. All of the equipment was unquestionably used for the manufacture of liquor on a large scale on these two farms. At the time of the investigation, the columns and boilers were still hot.

Ritzau's defense was that he was in no way connected with this illegal manufacture of alcoholic beverages; that the property on which this operation was conducted had been leased out to others, and that he was not in possession or control of any still or distilling apparatus which was set up.

In support of this defense, the state of case discloses that that section of the Riverdale farm, on which the barn which housed the still and other equipment stood, had been leased on March 1st, 1934, to one Williams, and that that section of the Cloverhill farm, where the second still and other equipment was found, had been leased on April 21st, 1934, to one Macks. The leases had, at a hearing before the commissioner in charge of the alcoholic beverage control bureau, some time before the trial, been offered in evidence and had not been returned to Ritzau. It is admitted that defense counsel called upon the state's attorney to produce them at the trial in the court below and they were not produced. Consequently, the court admitted secondary evidence of their contents, which testimony was supplied by Ritzau's attorney, Mr. Wise, who had drafted the leases in question. He said that he represented Ritzau in March, 1934, and prepared two leases, one for a section of the Riverdale farm property and the other for a part of the Cloverhill farm; the former tract was leased for use as a fertilizing plant; the latter was to be used as a picnic ground. It was on these leased tracts that the stills, equipment and liquor were found.

Turning to the indictments themselves, we find that they charge the defendant with manufacturing certain alcoholic beverages. There is nothing in the testimony, so far as the plaintiff in error, Ritzau, is concerned, that would justify submitting the case to the jury on that issue. The record discloses that the plaintiff in error was in and about the property constantly but at no time, according to the evidence, did he go into the structures where the stills were housed.

It may be that he knew all about it, but we search the record in vain for any testimony that links him with the manufacture of alcoholic beverage. He is also charged with possessing alcoholic beverages. Granting that there was proof sufficient to justify the conclusion that he possessed alcoholic beverages, yet possession in itself is not a violation of the statute unless it be coupled with proof of intent to manufacture, sell, distribute, &c., alcoholic beverages. Chapter 85, laws of 1934, section 48, page 250; *N. J. St. Annual* 1934, *p.* 180, § 100-359, *subdiv.* 48. We find no such proof.

The second class of indictment charged that the defendant and others had in their possession or custody, or under their control, a still or distilling apparatus *set up*. The proofs clearly show, according to the testimony of Van Schoick, one of the state's witnesses, that the still possessed by Ritzau, was *dismantled*. Now while chapter 84, *Pamph. L.* 1934; *N. J. St. Annual* 1934, *p.* 189, § 100-391, provides that every person having in his possession or custody, or under his control, any still or any distilling apparatus *set up, dismantled,* or in the process of construction, or parts thereof, shall register same with the commissioner of alcoholic beverage control (section 1, statute, *supra*), and failure to do so renders an offender liable to conviction for misdemeanor (section 9, *N. J. St. Annual* 1934, *p.* 191, § 100-399), none the less, the indictment against this plaintiff in error charged possession, custody or control of a still or distilling apparatus *set up* without having registered the same, &c.

The proofs offered do not support the charge in the indictment that Ritzau had in his possession or control a still or distilling apparatus *set up* and, consequently, the state's case failed.

The judgment of conviction is reversed.